UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re: §
 §
DODGE, ALAN M § Case No. 14-26175
 §
DODGE, SHERRI L §
 §
Debtors(s) §

TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 13 of the United States Bankruptcy Code was filed on 07/16/2014. The case was converted to a Chapter 7 on 03/27/2015. The undersigned trustee was appointed on 03/27/2015.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. §522, or have been or will be abandoned pursuant to 11 U.S.C. §554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

| | | |
|---|---|---|
| 4. The trustee realized gross receipts of | $ | 10,000.00 |
| Funds were disbursed in the following amounts: | | |
| Payments made under an interim disbursement | | 0.00 |
| Administrative Expenses | | 0.00 |
| Bank Service Fees | | 0.00 |
| Other Payments to Creditors | | 0.00 |
| Non-Estate funds paid to 3rd Parties | | 0.00 |
| Exemptions paid to the Debtor | | 0.00 |
| Other Payments to Debtor | | 0.00 |
| Leaving a balance on hand of [1] | $ | 10,000.00 |

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) Page 1

The remaining funds are available for distribution.

     5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6. The deadline for filing non-governmental claims in this case was 08/28/2015 and the deadline for filing governmental claims was 08/28/2015. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C.**

     7. The Trustee's proposed distribution is attached as **Exhibit D.**

     8. Pursuant to 11 U.S.C. §326(a), the maximum compensation allowable to the trustee is $1,489.09. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests a sum of $1,489.09, for a total compensation of $1,489.09. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00, and now requests reimbursement for expenses of $4.00 for total expenses of $4.00

     Pursuant to Fed. R. Bank. P. 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date :   01/19/2017              By :   /s/ Elizabeth Berg
                                                          Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. §1320.4 (a)(2) applies.

---

[2]If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

| | |
|---|---|
| Case No: 14-26175 | Trustee Name: Elizabeth C Berg |
| Case Name: DODGE, ALAN M | Date Filed (f) or Converted (c): 03/27/2015 (c) |
| DODGE, SHERRI L | 341(a) Meeting Date: 04/27/2015 |
| For Period Ending: 01/19/2017 | Claims Bar Date: 08/28/2015 |

Judge: Donald R. Cassling

| | 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| | Asset Description (Scheduled and Unscheduled (u) Property) | Petition/Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA) / Gross Value of Remaining Assets |
| 1. | residence/1385 Spencer Lane, Batavia, IL. 60510 | 158,088.00 | 0.00 | | 0.00 | FA |
| 2. | Property/Woodsmore, Seneca, IL. | 50,000.00 | 33,000.00 | | 10,000.00 | FA |
| 3. | Cash on hand | 20.00 | 0.00 | | 0.00 | FA |
| 4. | checking W/Chase #8261 | 1,500.00 | 0.00 | | 0.00 | FA |
| 5. | savings W/Chase #3985 | 50.00 | 0.00 | | 0.00 | FA |
| 6. | misc. household goods & furnshings | 2,500.00 | 0.00 | | 0.00 | FA |
| 7. | misc. wearing apparel | 200.00 | 0.00 | | 0.00 | FA |
| 8. | misc. Jewelry | 2,500.00 | 0.00 | | 0.00 | FA |
| 9. | 401(K) | 8,491.00 | 0.00 | | 0.00 | FA |
| 10. | 2006 Nissan Altima (152,000 miles) | 2,374.00 | 0.00 | | 0.00 | FA |
| 11. | 2003 Nissan Sentra | 1,396.00 | 0.00 | | 0.00 | FA |
| 12. | INHERITANCE (u) | 0.00 | 0.00 | | 0.00 | FA |

**Gross Value of Remaining Assets**

**TOTALS (Excluding Unknown Values)**          227,119.00          33,000.00                    10,000.00          0.00

Re Prop. #2   Trustee obtained court authority to sell equity back to Debtors for $10,000.00 per order 7/31/15 [dkt 54]
Re Prop. #12   Trustee investigated the Estate's interest in an inheritance to which the Debtors became entitled after the filing of the ch. 13 bankruptcy petition but before the conversion of the case to chapter 7.  Trustee determined that the Estate has no interest in the post-petition inheritance.

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

FORM 1
INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
ASSET CASES

| Case No: 14-26175 | Judge: Donald R. Cassling | Trustee Name: Elizabeth C Berg |
|---|---|---|
| Case Name: DODGE, ALAN M | | Date Filed (f) or Converted (c): 03/27/2015 (c) |
| DODGE, SHERRI L | | 341(a) Meeting Date: 04/27/2015 |
| For Period Ending: 01/19/2017 | | Claims Bar Date: 08/28/2015 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description<br>(Scheduled and Unscheduled (u) Property) | Petition/Unscheduled Values | Est Net Value<br>(Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned<br>OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA) / Gross Value of Remaining Assets |

**December 27, 2016:** Trustee recently obtained an Order Valuing Secured Claim No. 2 at Zero. Trustee has prepared her Final Report and will submit to the UST for approval. Trustee will disburse funds once approved by this Court.

**October 15, 2016:** Trustee working to resolve claims issues with residential mortgagees and attending to tax matters; upon resolution, Trustee will close case

**August 10, 2016:** TR collected remaining lump sum; will review claims and close case.

**July 5, 2016:** Trustee has been collecting installment payments from Debtors. Per Debtors' attorney, Debtors are preparing to make lump sum payoff.

**October 9, 2015:** Case was converted from chapter 13 to chapter 7 on March 27, 2015. Trustee identified equity in the Debtor's mobile home and retained a broker to list the real property for sale. Shortly thereafter, Trustee determined that the inheritance was not property of the Estate but provided Debtors with funds available to purchase the equity in the mobile home. Trustee negotiated with the Debtors to purchase the equity and pursuant to this Court's order obtained authority to sell the Estate's interest in the mobile home to the Debtors for $10,000. Subsequent to the entry of the order, the Trustee received information from the probate estate that the distribution on the inheritance would be delayed. Trustee negotiated with the Debtors to collect installments until the inheritance is released (expected early 2016). Once Trustee recovers the full value of the purchase price for the sale of the mobile home, she will review claims, attend to tax matters and prepare her TFR.

**Initial Projected Date of Final Report(TFR) :** 09/30/2016    **Current Projected Date of Final Report(TFR) :** 12/30/2016

| **Trustee's Signature** | /s/Elizabeth C Berg | **Date:** 01/19/2017 |
|---|---|---|
| | Elizabeth C Berg | |
| | 20 N. Clark St., Suite 200 | |
| | Chicago, IL 60602 | |
| | Phone : (312) 726-8150 | |

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

| | |
|---|---|
| Case No: 14-26175 | Trustee Name: Elizabeth C Berg |
| Case Name: DODGE, ALAN M | Bank Name: Associated Bank |
| DODGE, SHERRI L | Account Number/CD#: ******6575 Checking Account |
| Taxpayer ID No: **-***5139 | Blanket bond (per case limit): 5,000,000.00 |
| For Period Ending: 1/19/2017 | Separate bond (if applicable): 0.00 |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or [Refer#] | Paid To / Received From | Description of Transaction | Uniform Trans. Code | Deposits($) | Disbursements($) | Account/ CD Balance($) |
| 10/21/2015 | [2] | CHASE - CASHIER'S CHECK | INSTALLMENT PYMT - WOODSMOKE PROP  per order [dkt 54] | 1110-000 | 200.00 | | 200.00 |
| 11/17/2015 | [2] | CHASE - CASHIER'S CHECK | INSTALLMENT PYMT - WOODSMOKE PROP  per order [dkt 54] | 1110-000 | 200.00 | | 400.00 |
| 02/16/2016 | [2] | CHASE BANK - CASHIER'S CHECK<br>ALAN DODGE<br>1385 SPENCER LANE<br>BATAVIA , IL 60510 | INSTALLMENT PYMT - WOODSMOKE PROP  per order [dkt 54] | 1110-000 | 50.00 | | 450.00 |
| 03/17/2016 | [2] | CHASE BANK - CASHIER'S CHECK<br>ALAN DODGE<br>1385 SPENCER LANE<br>BATAVIA , IL 60510 | INSTALLMENT PYMT - WOODSMOKE PROP  per order [dkt 54] | 1110-000 | 50.00 | | 500.00 |
| 04/20/2016 | [2] | CHASE BANK - CASHIER'S CHECK<br>ALAN DODGE<br>1385 SPENCER LANE<br>BATAVIA , IL 60510 | INSTALLMENT PYMT - WOODSMOKE PROP  per order [dkt 54] | 1110-000 | 50.00 | | 550.00 |
| 05/18/2016 | [2] | CHASE BANK - CASHIER'S CHECK<br>ALAN DODGE<br>1385 SPENCER LANE<br>BATAVIA , IL 60510 | INSTALLMENT PYMT - WOODSMOKE PROP  per order [dkt 54] | 1110-000 | 50.00 | | 600.00 |
| | | | | Page Subtotals | 600.00 | 0.00 | |

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

| | |  | | |
|---|---|---|---|---|
| **Case No:** | 14-26175 | | **Trustee Name:** | Elizabeth C Berg |
| **Case Name:** | DODGE, ALAN M | | **Bank Name:** | Associated Bank |
| | DODGE, SHERRI L | | **Account Number/CD#:** | ******6575 Checking Account |
| **Taxpayer ID No:** | **-***5139 | | **Blanket bond (per case limit):** | 5,000,000.00 |
| **For Period Ending:** | 1/19/2017 | | **Separate bond (if applicable):** | 0.00 |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or [Refer#] | Paid To / Received From | Description of Transaction | Uniform Trans. Code | Deposits($) | Disbursements($) | Account/ CD Balance($) |
| 06/20/2016 | [2] | CHASE BANK - CASHIER'S CHECK<br>ALAN DODGE<br>1385 SPENCER LANE<br>BATAVIA , IL 60510 | INSTALLMENT PYMT - WOODSMOKE PROP per order [dkt 54] | 1110-000 | 50.00 | | 650.00 |
| 07/11/2016 | [2] | CHASE BANK - CASHIER'S CHECK | FINAL PYMT - WOODSMOKE PROP per order [dkt 54] | 1110-000 | 9,350.00 | | 10,000.00 |
| 07/19/2016 | | Trustee Transfer to new account | Transfer of funds to Texas Capital Bank | 9999-000 | | 650.00 | 9,350.00 |
| 07/20/2016 | | Trustee Transfer to new acount | Transfer of remaining funds to Texas Capital Bank Cashier's Check issued by Associated Bank | 9999-000 | | 9,350.00 | 0.00 |
| | | | | Page Subtotals | 9,400.00 | 10,000.00 | |

| | | |
|---|---:|---:|
| **COLUMN TOTALS** | 10,000.00 | 10,000.00 |
| Less:Bank Transfer/CD's | 0.00 | 10,000.00 |
| **SUBTOTALS** | 10,000.00 | 0.00 |
| Less: Payments to Debtors | | 0.00 |
| **Net** | 10,000.00 | 0.00 |

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

| Case No: | 14-26175 | Trustee Name: | Elizabeth C Berg |
| --- | --- | --- | --- |
| Case Name: | DODGE, ALAN M | Bank Name: | Texas Capital Bank |
| | DODGE, SHERRI L | Account Number/CD#: | ******5088 Checking Account |
| Taxpayer ID No: | **-***5139 | Blanket bond (per case limit): | 5,000,000.00 |
| For Period Ending: | 1/19/2017 | Separate bond (if applicable): | 0.00 |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| --- | --- | --- | --- | --- | --- | --- |
| Transaction Date | Check or [Refer#] | Paid To / Received From | Description of Transaction | Uniform Trans. Code | Deposits($) | Disbursements($) | Account/ CD Balance($) |
| 07/19/2016 | | Trustee Transfer to new account | Received transfer of funds from Associated Bank | 9999-000 | 650.00 | | 650.00 |
| 07/20/2016 | | Associated Bank<br>300 N La Salle Street<br>Chicago, IL 60601 | Funds Transferred from TR's prior bank | 9999-000 | 9,350.00 | | 10,000.00 |
| | | | | Page Subtotals | 10,000.00 | 0.00 | |

| | | |
| --- | --- | --- |
| **COLUMN TOTALS** | 10,000.00 | 0.00 |
| Less:Bank Transfer/CD's | 10,000.00 | 0.00 |
| **SUBTOTALS** | 0.00 | 0.00 |
| Less: Payments to Debtors | | 0.00 |
| **Net** | 0.00 | 0.00 |

| All Accounts Gross Receipts: | 10,000.00 |
| --- | --- |
| All Accounts Gross Disbursements: | 0.00 |
| All Accounts Net: | 10,000.00 |

| TOTAL-ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
| --- | --- | --- | --- |
| ******6575 Checking Account | 10,000.00 | 0.00 | |
| ******5088 Checking Account | 0.00 | 0.00 | |
| **NetTotals** | 10,000.00 | 0.00 | 10,000.00 |

Case: 14-26175  
DODGE, ALAN M  
DODGE, SHERRI L

Elizabeth C Berg  
CLAIMS REGISTER  
EXHIBIT C

| Claim No. | Creditor | UTC | Scheduled | Claimed | Allowed | Prop. Payment Prop. Interest | Paid | Remaining Balance |
|---|---|---|---|---|---|---|---|---|
|  | Elizabeth C. Berg, TR<br>20 N. Clark Street<br>Suite 200<br>Chicago, IL 60602 | 2100-ADMN | 0.00 | 1,489.09 | 1,489.09 | 1,489.09 | 0.00 | 1,489.09 |
|  | Elizabeth C. Berg, TR<br>20 N. Clark Street<br>Suite 200<br>Chicago, IL 60602 | 2200-ADMN | 0.00 | 4.00 | 4.00 | 4.00 | 0.00 | 4.00 |
|  | Baldi Berg, Ltd.<br>20 N. Clark Street<br>Suite 200<br>Chicago, IL 60602 | 3110 ADMN | 0.00 | 3,562.00 | 3,562.00 | 3,562.00 | 0.00 | 3,562.00 |

**ADMINISTRATIVE TOTAL**           0.00    5,055.09    5,055.09    5,055.09    0.00    5,055.09

| Claim No. | Creditor | UTC | Scheduled | Claimed | Allowed | Prop. Payment Prop. Interest | Paid | Remaining Balance |
|---|---|---|---|---|---|---|---|---|
| 000002 | Fifth Third Mortgage<br>5001 Kingsley Drive<br>Cincinnati, OH 45227 | 4110 SEC | 106,509.00 | 106,635.98 | 0.00<br>[Dckt #59] | 0.00 | 0.00 | 0.00 |

**SECURED TOTAL**           106,509.00    106,635.98    0.00    0.00    0.00    0.00

| Claim No. | Creditor | UTC | Scheduled | Claimed | Allowed | Prop. Payment Prop. Interest | Paid | Remaining Balance |
|---|---|---|---|---|---|---|---|---|
| 000001 | First American Bank<br>80 Stratford Drive<br>Bloomingdale, IL 60108 | 7100-UNSEC | 67,000.00 | 65,682.84 WITHDRAWN | 0.00 | 0.00 | 0.00 | 0.00 |
| 000003 | PORTFOLIO RECOVERY<br>Successor to Capital<br>One Bank (USA), N.A.<br>PO Box 41067<br>Norfolk, VA 23541 | 7100-UNSEC | 2,000.00 | 2,329.06 | 2,329.06 | 2,329.06<br>6.72(i) | 0.00 | 2,335.78 |

**UNSECURED TOTAL**           69,000.00    68,011.90    2,329.06    2,329.06<br>6.72(i)    0.00    2,335.78

| Claim No. | Creditor | UTC | Scheduled | Claimed | Allowed | Prop. Payment Prop. Interest | Paid | Remaining Balance |
|---|---|---|---|---|---|---|---|---|
| 9999 | Alan & Sherri Dodge<br>2840 Crescent Oak Ln<br>Aurora, IL 60502 | 8200-SURPLUS | 0.00 | 2,609.13 | 2,609.13 | 2,609.13 | 0.00 | 2,609.13 |

**SURPLUS TOTAL**           0.00    2,609.13    2,609.13    2,609.13    0.00    2,609.13

**REPORT TOTALS**           175,509.00    182,312.10    9,993.28    9,993.28<br>6.72(i)    0.00    10,000.00

TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 14-26175
Case Name: DODGE, ALAN M
DODGE, SHERRI L
Trustee Name: Elizabeth C Berg

Balance on Hand $10,000.00

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees: Elizabeth C. Berg, Trustee | $ 1,489.09 | $ 0.00 | $ 1,489.09 |
| Trustee, Expenses: Elizabeth C. Berg, Trustee | $ 4.00 | $ 0.00 | $ 4.00 |
| Attorney for Trustee, Fees: Baldi Berg, Ltd. | $ 3,562.00 | $ 0.00 | $ 3,562.00 |

Total to be paid for chapter 7 administrative expenses $ 5,055.09
Remaining Balance $ 4,944.91

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed Priority Claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $2,329.06 have been allowed and will be paid pro rata only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 100.0 %, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000003 | PORTFOLIO RECOVERY ASSOCIATES, | $ 2,329.06 | $ 0.00 | $ 2,329.06 |

Total to be paid to timely general unsecured creditors $ 2,329.06
Remaining Balance $ 2,615.85

Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid pro rata only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 %, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $0.00 have been allowed and will be paid pro rata only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 %, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

To the extent funds remain after payment in full of all allowed claims, interest will be paid at the legal rate of 0.11% pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $6.72. The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest

The amount of surplus returned to the debtor after payment of all claims and interest is $2,609.13.